UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEROY KEITH,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-164

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 9. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of July 15, 2013. PageID 223-35. Plaintiff claims disability as a result of a number of alleged impairments including, *inter*

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

*alia*, lumbar spine degenerative disc disease, asthma, a history of migraine headaches, depression, and borderline intellectual functioning. PageID 65.

After an initial denial of his applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on September 1, 2016. PageID 80-119. The ALJ issued a written decision on November 29, 2016 finding Plaintiff not disabled. PageID 63-72. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 68-72.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. (PageID 45-47). *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.      Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 63-72), Plaintiff's Statement of Errors (doc. 11) and the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.      Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." *Id*.

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the opinions of record reviewing physicians Anne Prosperi, D.O., Abraham Mikalov, M.D., record reviewing psychologists David Dietz, Ph.D., and Vicki Warren, Ph.D., and examining physician Amita Oza, M.D.; and (2) improperly evaluating his pain and symptom severity. Doc. 11 at PageID 475-83. Finding error in the ALJ's assessment of the record reviewing physicians' opinions, the Court does not specifically address Plaintiffs remaining alleged errors. Instead, the undersigned would direct that the ALJ consider all such alleged errors on remand.

In this case, there were no treating physician opinions and, instead, the ALJ relied on the opinions of the record reviewers -- Drs. Prosperi and Mikalov-- in assessing Plaintiff's physical

4

limitations. PageID 70. Both of these record reviewing physicians concluded that Plaintiff could perform medium work with non-exertional limitations. *See* PageID 138-42, 151-56. The ALJ gave these opinions "great weight," concluding that they are "within the purview of their expertise, based on their particular and detailed knowledge of the standard of disability as set forth by the Commissioner, and consistent with the record as a whole." Doc. 70. The ALJ provided no further explanation regarding how objective evidence of record supports these opinions.

This Court, on a number of occasions, has concluded that such conclusory analysis of record reviewing opinions amounts to reversible error. *See Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp.3d 577, 584 (S.D. Ohio 2015); *Marks v. Colvin*, 201 F. Supp.3d 870, 884 (S.D. Ohio 2016); *Laning v. Comm'r of Soc. Sec.*, No. 3:15-CV-75, 2016 WL 1729650, at *6 (S.D. Ohio Mar. 28, 2016); *Boyd v. Comm'r of Soc. Sec.*, No. 3:16-CV-477, 2018 WL 300174, at *3 (S.D. Ohio Jan. 5, 2018); *Marshall v. Comm'r of Soc. Sec.*, No. 3:16-CV-190, 2017 WL 4324763, at *4 (S.D. Ohio Sept. 29, 2017); *Boyd v. Comm'r of Soc. Sec.*, No. 3:16-CV-506, 2018 WL 739103, at *4 (S.D. Ohio Feb. 7, 2018); *Dowell v. Comm'r of Soc. Sec.*, No. 3:16-CV-451, 2018 WL 671340, at *4 (S.D. Ohio Feb. 2, 2018); *Logan v. Comm'r of Soc. Sec.*, No. 3:16-CV-480, 2018 WL 300175, at *4 (S.D. Ohio Jan. 5, 2018); *Worden v. Comm'r of Soc. Sec.*, No. 3:14-CV-438, 2016 WL 860694, at *6 (S.D. Ohio Mar. 7, 2016); *Hale v. Comm'r of Soc. Sec.*, No. 3:15-CV-360, 2017 WL 1190543, at *8 (S.D. Ohio Mar. 30, 2017); *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017). Consistent with the foregoing authority, the undersigned finds the ALJ's analysis of the record reviewers' opinions unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

Accordingly, the Court **ORDERS** that: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **CLOSED**.

**IT IS SO ORDERED.**

Date:   April 10, 2018                                s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge